[Cite as *State v. Brown*, 2022-Ohio-2686.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111148 |
| v. | : | |
| ANTONIO BROWN, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-651041-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Kilbane McNally, Assistant Prosecuting Attorney, *for appellee*.

Erin R. Flanagan, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Antonio Brown ("Brown"), appeals the trial court's imposition of an indefinite sentence under the Reagan Tokes Act. For the reasons set forth below, we affirm Brown's sentence.

## I. Facts and Procedural History

{¶ 2} In August 2020, Brown was charged in a nine-count indictment. Counts 1-5 charged him with aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Count 6 charged him with tampering with evidence in violation of R.C. 2921.12(A)(1). Count 7 charged him with failure to stop after an accident in violation of R.C. 4549.02(A)(1). Counts 8 and 9 charged him with driving under the influence in violation of R.C. 4511.19(A)(1)(a) and (d). Counts 1-5 also contained furthermore clauses alleging that Brown was driving under a suspension at the time of the offense, and Count 7 contained a furthermore clause alleging that the accident caused serious physical harm to the victims.

{¶ 3} In October 2021, Brown entered into a plea agreement with the state in which he pled guilty to aggravated vehicular assault in Counts 1 and 2, tampering with evidence in Count 6, failure to stop after an accident in Count 7, and driving while under the influence in Count 9. Count 1 was amended to include the victims in Counts 3, 4, 5. Counts 3, 4, 5, and 8 were nolled. The state also reserved the right to bring charges against Brown if the most seriously injured victim named in Count 2 died of his injuries

{¶ 4} The matter proceeded directly to sentencing. At the sentencing hearing, the trial court viewed a video of the car accident that resulted in Brown's indictment. In the early morning of June 5, 2020, Brown's car struck a Cleveland Police SWAT van carrying five officers at the intersection of East 18th Street and Saint Clair Avenue in Cleveland. Brown had failed to stop at a flashing red traffic

light. The officers were responding to an emergency and entered the intersection at high speed through a flashing yellow light. The collision sent the van careening into a steel traffic pole. All five officers were injured, and one of them was rendered a quadriplegic. The video shows that after the accident, Brown exited his car, removed the car's temporary tag, and fled the scene. One of the officers involved in the crash radioed the accident into dispatch. Minutes later, Brown was stopped, administered a breathalyzer and a field-sobriety test, and subsequently arrested.

{¶ 5} After viewing the video and hearing from the parties, the trial court sentenced Brown to an 8-year prison term on Count 1. The trial court elected Count 2 as the qualifying offense under the Reagan Tokes Act and imposed an indefinite term of 8-12 years, to be served consecutively to the 8-year term imposed in Count 1. The trial court sentenced Brown to 3 years on Count 6, 1 year on Count 7, and 6 months on Count 9, to be served concurrently with each other and with the terms imposed in Counts 1 and 2. The trial court suspended Brown's driver's license for 10 years on Counts 1 and 2 and an additional 3 years on Count 9 and fined Brown $375 on Count 9. The trial court imposed a mandatory minimum term of 18 months and a maximum term of 3 years of postrelease control. The trial court credited Brown with 46 days of jail time and waived all other fines and costs. Counsel for Brown objected to the Reagan Tokes portion of Brown's sentence.

{¶ 6} In December 2021, Brown filed a motion for leave to file a delayed appeal, which this court granted. In this appeal, Brown raises the following assignment of error for review:

**Assignment of Error**: As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and the State of Ohio.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Brown argues that the sentencing provisions of the Reagan Tokes Act are unconstitutional. He claims that the Reagan Tokes Act violates (1) the constitutional right to a trial by jury, (2) the separation of powers doctrine, and (3) due process. Our en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled the same challenges to the Reagan Tokes Act that Brown raises in this appeal and found the Reagan Tokes Act to be constitutional.

{¶ 8} Therefore, Brown's sole assignment of error is overruled.

{¶ 9} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR

N.B.  Judge Anita Laster Mays is constrained to apply *Delvallie*'s en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).